UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. CASTILLO<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEAN HARPER, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01181-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENTATIONS TO DISMISS FOR FAILURE TO OBEY A COURT ORDER**<br><br>(Doc. 4)<br><br>**14-DAY DEADLINE** |

　　　Jose G. Castillo, appearing *pro se*, filed a civil rights complaint. (Doc. 1.) Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis* ("IFP"). On August 16, 2021, the Court entered an order to show cause advising Plaintiff that his complaint appears frivolous on its face. (Doc. 4.) The Court further advised that, if Plaintiff chose to proceed and if the complaint is deemed frivolous upon screening, his filing fee would not be refunded, or if he seeks to proceed IFP, he may be obligated to pay the filing fee even if the case is dismissed. The Court ordered Plaintiff to pay the filing fee, to apply to proceed IFP, or to file a notice of dismissal within 21 days. The Court cautioned: "**Failure to comply with this Order will result in a recommendation that this case be dismissed for failure to obey a court order.**" (*Id.* (alterations in original).)

　　　Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the

imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

More than 21 days have passed, and Plaintiff has not made an election as ordered. Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2021**                    _ /s/ Jennifer L. Thurston
                                                              CHIEF UNITED STATES MAGISTRATE JUDGE