UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. CASTILLO, | Case No. 1:21-cv-01181-ADA-CDB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A CLAIM |
| v. | |
| JEAN HARPER, *et al.*, | (Docs. 1, 12) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jose G. Castillo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On August 5, 2021, Plaintiff filed a complaint alleging he received an unauthorized, illegal sentence, as indicated by correspondence from a correctional case records analyst at the California Department of Corrections and Rehabilitation ("CDCR") to the sentencing court. (Doc. 4.) The Court has screened the complaint and finds that it fails to state a claim upon which relief may be granted; therefore, the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 U.S.C. § 1915A(b)(1). The Court further finds that amendment would be futile and recommends dismissal of this action with prejudice.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1  The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are
2  frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary
3  relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28
4  U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis*
5  complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on
6  frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or
7  fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint
8  if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal
9  theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449
10 F.3d 1047, 1050 (9th Cir.2006)).

## II.  PLEADING REQUIREMENTS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*, 490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### III. DISCUSSION

#### A. Plaintiff's Allegations and Claims

In the Superior Court for the County of Santa Clara, Plaintiff was convicted of two counts of lewd/lascivious act on a child by use of force committed on or about January 1, 2007, and March 2–3, 2013. On September 26, 2014, the Superior Court sentenced Plaintiff to a middle term of six years (based on a sentencing triad of three, six, or eight years) on each of two counts. (Doc. 1 at 3, 12.)

Plaintiff asserts he received an unauthorized and illegal sentence and the Superior Court will not correct the sentencing error. Arguing that he was denied his First Amendment right to pursue grievances and access the courts, Plaintiff submits a letter from the Office of Grievances at Avenal ("OOG") rejecting his grievance regarding sentencing errors as being outside of the OOG's jurisdiction. (*Id.* at 8.) As proof that his sentence is illegal, Plaintiff submits a June 12, 2020, letter from an analyst employed by the California Department of Corrections and Rehabilitation to the Superior Court Judge, advising Plaintiff's September 26, 2014, sentencing was inconsistent with an increase in the sentencing triad to five, eight, or ten years, effective September 9, 2010. (*Id.* at 12.) Plaintiff also relies on a letter dated January 28, 1987, from the California Attorney General to the Director of Corrections requesting that cases challenging sentences as illegal be directed to local district attorneys' offices rather than to the Offices of the Attorney General. (*Id.* at 14.)

Plaintiff brings this section 1983 action against Defendants Jean Harper, Correctional Case Records Analyst, in Sacramento; the case records supervisor at Avenal State Prison; California Attorney General Robert Bonta; and Martin Gamboa, Warden at Avenal State Prison.

(Doc. 1 at 2.) Plaintiff seeks damages in the amount of $7 million and injunctive relief in the form enforcement of the "order" of the California Attorney General dated January 28, 1987. (*Id.* at 6.)

### B.  42 U.S.C. § 1983

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or other federal rights by persons acting "under color of state law." A civil rights action under 42 U.S.C. § 1983 is the proper remedy for a constitutional challenge to the conditions of imprisonment. *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1848 (2017) ("In 42 U.S.C. § 1983, Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials."); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Here, Plaintiff has failed to allege any facts that would support a constitutional claim against any of the defendants. Plaintiff does not complain about the conditions of confinement, but instead he challenges the length of his custody. Accordingly, he has failed to state a claim under 42 U.S.C. § 1983.

#### 1.  Writ of Habeas Corpus

In his request for relief, Plaintiff seeks enforcement of the January 28, 1987, "order" from the California Attorney General. To give Plaintiff the benefit of any doubt, the Court construes this demand for relief as a request for correction of his sentence.  However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge that could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *See Preiser,* 411 U.S. at 487 (where relief sought is immediate release or shortening length of actual confinement in prison, habeas corpus is the appropriate remedy, "and that specific determination must override the general terms of § 1983."). Thus, because Plaintiff's exclusive recourse to obtaining the relief he seeks is through habeas corpus, his complaint must be dismissed.

#### 2.  *Heck v. Humphrey*

Plaintiff also makes a demand for $7 million in damages for his illegal sentence. When a

4

1  prisoner seeks damages under section 1983 for an unconstitutional conviction or imprisonment,
2  the "favorable termination rule" requires the plaintiff to "prove that the conviction or sentence
3  has been reversed on direct appeal, expunged by executive order, declared invalid by a state
4  tribunal authorized to make such determination, or called into question by a federal court's
5  issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim
6  for damages based on a conviction or sentence that has not been invalidated is not cognizable
7  under section 1983. *Id.* at 487; *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) ("[T]he
8  applicability of the favorable termination rule turns solely on whether a successful § 1983 action
9  would necessarily render invalid a conviction, sentence, or administrative sanction that affected
10 the length of the prisoner's confinement.").

In this case, Plaintiff's claims based on an unlawful, illegal sentence clearly fall under the favorable termination rule. If this Court were to grant Plaintiff the relief sought, the judgment would necessarily undermine the sentence and affect the length of Plaintiff's confinement. Because Plaintiff cannot show that his conviction or sentence has been invalidated, Plaintiff's complaint must be dismissed as *Heck*-barred.

Ordinarily, dismissals under *Heck* are without prejudice because they do not reflect a final determination on the merits of the case. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). However, as with affirmative defenses, a court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) for failure to state a claim "if there exists an obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) (internal quotations and citations omitted). The complaint is obviously *Heck*-barred on its face, and therefore, the case is properly dismissed with prejudice for failure state a claim.

### IV.   CONCLUSION

Upon consideration of Plaintiff's allegations, and the Court finds that the complaint fails to state a claim on which relief may be granted. Plaintiff has not alleged any facts that would support a constitutional claim by Defendant. The Court further finds the deficiencies cannot be cured by amendment and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130.

Accordingly, it is hereby RECOMMENDED:

1. The Court DISMISS WITH PREJUDICE the complaint for failure to state a claim upon which relief can be granted; and
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 18, 2023**

UNITED STATES MAGISTRATE JUDGE